**Justin V. COLLET, Appellant,**

v.

**Kimberly Lee COLLET, Respondent.**

**No. WD 67641.**

Missouri Court of Appeals,
Western District.

Jan. 29, 2008.

Jack A. Cochran, Blue Springs, MO, for appellant.

Neysa L. Day, Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, Chief Judge, PATRICIA BRECKENRIDGE, Judge [1] and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Justin V. Collet ("Father") appeals from the trial court's judgment dissolving his marriage to Kimberly L. Collet ("Mother"). He challenges the amount of parenting time he was awarded, the specificity of the parenting plan, and the child support award.

Father and Mother were married on February 20, 2001, and they had one child during the marriage, Olivia L. Collet ("Daughter"), who was born May 11, 2003. Father filed a petition for dissolution of marriage on January 16, 2006, and Mother filed an answer and cross-petition. The parties continued to live together in the marital residence in Lee's Summit, Missouri, until March 2006, when Father moved out. After the separation, the parties voluntarily exercised equal parenting time with Daughter. In their petitions, the parties both requested joint legal and physical custody, but they disagreed as to the custody arrangement and the child support amount.

After a trial, the court issued its judgment dissolving the marriage and awarding the parties joint legal and physical custody of Daughter, with Mother's address designated for educational and mailing purposes. The court also allowed Mother to move in with her mother in Gladstone, Missouri, approximately 45 minutes north of Lee's Summit, for financial reasons. Father was awarded parenting time of one overnight per week, every other weekend, and two uninterrupted two-week periods during the summer. The court rejected the Form 14s submitted by both parties, calculated its own Form 14, and ordered Father to pay to Mother the presumed child support

1. Breckenridge, J., was a member of this Court at the time this case was submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this Court as a special judge for the purpose of disposition of this case.

amount of $734 per month effective October 1, 2006. This appeal follows.

Father raises three points on appeal. First, he challenges the trial court's determination that joint custody with less than 50% parenting time awarded to Father is in Daughter's best interests. Second, he contends that the trial court's parenting plan does not meet the requirements of § 452.310.7 because it is missing certain provisions and does not provide sufficient detail as to others. Finally, Father argues that the child support award is erroneous and does not comply with Form 14 and Rule 88.01 because the trial court did not impute full-time income to Mother and did not give Father the proper overnight visitation credit.

None of Father's arguments as to those issues have any merit. Because we conclude that a full discussion of Father's three points would have no precedential value, we affirm by summary order pursuant to Rule 84.16(b). We are furnishing the parties a memorandum of the reasons for our decision as to those issues. However, in his third point, Father mentions that the trial court incorrectly found that Mother earns $13.40 per hour, although he does not vigorously pursue the issue. This opinion addresses only this specific factor of the child support award.

A careful review of the entire record reveals that all the evidence regarding Mother's earnings was that she was paid $14.00 per hour. The trial court utilized the $13.40 per hour figure in calculating Mother's monthly gross income as $1,742, the amount the court used in its Form 14. The court erred in doing so. The correct hourly income was $14.00, resulting in a gross monthly income of $1,820. This change results in minor modifications to the following items on the Form 14:(a) Adjusted income for support purposes; (b) Proportionate share of adjusted income; (c) Federal tax credit; (d) Total additional child care costs; (e) Total combined child support and costs; (f) Support obligation of each parent; (g) Credit for Annual Overnight Stays; and (h) Presumed Child Support Amount. The net effect of using Mother's correct income is that the Presumed Child Support Amount, using the trial court's Form 14, is reduced from $734 per month to $728.

Pursuant to this Court's authority under Rule 84.14 to "give such judgment as the court ought to give," we modify the child support award to reflect the correct PCSA of $728. Accordingly, the trial court's judgment is modified to reflect a child support award of $728, and is otherwise affirmed in all respects as so modified.

All concur.